```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TORINDO BROWN,

               Petitioner,

vs.                           Case No.   2:06-cv-18-FtM-29DNF
                                        Case No.   2:01-cr-69-FTM-29DNF

UNITED STATES OF AMERICA,

               Respondent.
_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1), filed on January 9, 2006. Petitioner's sole argument is based on Booker.[1]

**I.**

On August 22, 2001, the grand jury returned a five-count Indictment (Doc. #3) against defendant and co-defendant Willie Hall.[2] On November 15, 2001, pursuant to a Plea Agreement (Doc. #43), defendant pled guilty to Count Two of the Indictment charging him with distribution of five grams or more of cocaine base, crack cocaine. Defendant was sentenced to 188 months of imprisonment, 48

---

[1] United States v. Booker, 543 U.S. 220 (2005).

[2] Defendant was only charged in Counts One and Two of the Indictment.

months of supervised release, and a $100.00 special assessment fee. Judgment (Doc. #61) was entered on February 20, 2002.

Defendant, through counsel, filed a timely Notice of Appeal (Doc. #62), but counsel was allowed to withdraw on appeal after filing a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  (Doc. #80).  While the direct appeal was pending, defendant filed a motion under 28 U.S.C. § 2255 (Doc. #74), which this Court dismissed for lack of jurisdiction in light of the then-pending direct appeal.  (Docs. #78, #79).  Defendant filed a *pro se* brief with the Eleventh Circuit Court of Appeals raising several issues.  The Eleventh Circuit ultimately affirmed his conviction and sentence in an Order dated September 4, 2002.  (Doc. #80).

On April 7, 2004, defendant filed a Motion for Void Judgment for Lack of Subject Matter Jurisdiction for the United States District Court to Use Prior State Convictions to Sentence Enhance Defendant on Evidence of State Offenses and the Judgment is Void for Stating in the Judgment Nature of Offense Distribution of 5 Grams or More of Cocaine Base When it Was Never Proved That Crack Cocaine Was Involved (Doc. #81), pursuant to Fed. R. Civ. P. 60(b)(4).  The Motion was denied by Opinion and Order (Doc. #85) on September 15, 2004.  No further action was taken by defendant until the filing of the current motion.

**II.**

Although defendant previously filed a petition under § 2255, the Court found that the prior petition was filed prematurely while the direct appeal was still pending. Therefore the current petition is not a successive petition.

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

It is clear that petitioner's § 2255 motion was not filed within one year after his conviction became final. "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, §2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003). See also Kaufmann v. United States, 282 F.3d 1336, 1337 (11th Cir.),

cert. denied, 537 U.S. 875 (2002).  Since defendant did not file a petition for certiorari, his conviction became "final" on December 3, 2002, 90 days after the Eleventh Circuit's September 4, 2002, decision affirming his conviction and sentence.  Kaufmann v. United States, 282 F.3d 1336, 1337 (11th Cir. 2002).  Thus, defendant had until December 3, 2003 to file his § 2255 motion.  Giving petitioner the benefit of the "mailbox rule," Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the §2255 motion filed on December 29, 2005, the date petitioner signed the motion while incarcerated.  Even so construed, the §2255 motion was filed two years after the expiration of the statute of limitations.

The second event which may start the statute of limitations is "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed."  28 U.S.C. § 2255.  Defendant identifies no government-imposed impediment to filing his §2255 motion, much less makes a showing that the governmental action was unconstitutional.  See Akins v. United States, 204 F.3d 1086, 1090-91 (11th Cir.), cert. denied, 531 U.S. 971 (2000).

As to the third event, the Eleventh Circuit summarized the required showing in Garcia v. United States, 278 F.3d 1210, 1212-13 (11th Cir.), cert. denied, 537 U.S. 895 (2002).  The Supreme Court has not recognized any new right which has been held to apply retroactively to a defendant whose conviction became final prior

-4-

to the decision. The fourth event has not been shown to apply to this case. Finally, defendant has not established any basis to find that the limitations period was equitably tolled. Equitable tolling is appropriate when a motion is untimely filed because of extraordinary circumstances that are both beyond defendant's control and unavoidable even with diligence. Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002), cert. denied 538 U.S. 947 (2003). Defendant has not satisfied his burden in this case.

Because defendant did not file his motion within one year of any of the four events set forth in §2255, and has not shown any equitable reason to toll the limitations period, his motion is untimely and is therefore time-barred.

### III.

The Eleventh Circuit has held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)), cert. denied, 126 S. Ct. 312 (2005). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005); United States v. Rodriguez, 406 F.3d 1261, 1280 (11th Cir. 2005)("[n]o circuit, . . . has yet to suggest that Booker is retroactively applicable to collateral proceedings, . . . [and], it is highly unlikely that any will."). Since petitioner's case became final

prior to Booker, the issue cannot be raised in a § 2255 petition.

**IV.**

Because defendant is proceeding pro se, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court has no inherent power to correct an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court finds no basis for authority to reduce or vacate the sentence in this case and no procedural mechanism to preserve an argument before it is recognized by the Supreme Court as retroactive. See Avila v. United States, Case No. 2:05-cv-266-FTM-29DNF, 2005 WL 3467670, *3-5 (M.D. Fla. Dec. 19, 2005).[3]

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) is **DISMISSED.**

---

[3]Slip Copy attached.

2.   The Clerk shall enter judgment in the civil case accordingly, and close the file.  The Clerk shall file a certified copy of the judgment in the associated criminal case.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of February, 2006.

_____
JOHN E. STEELE
United States District Judge


Copies:
Parties of Record